# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| § | CASE NO. 23-40239-BTR-13 | |
| ANDREA VEROSTKO § | | |
| § | CHAPTER 13 | |
| Debtor § | | |
| § | | |
| ANDREA VEROSTKO § | | |
| Plaintiff § | | |
| § | | |
| vs. § | ADV. NO. _____ | |
| § | | |
| PRESTIGE DEFAULT SERVICES, LLC, § | | |
| and RUSHMORE LOAN MANAGEMENT § | | |
| SERVICES, LLC § | | |
| § | | |
| Defendants § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, **ANDREA VEROSTKO**, (hereinafter, "Debtor/Plaintiff") in the above-styled and numbered cause, and files this her Complaint for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k) and 11 U.S.C. § 105, Fair Debt Collection Practices Act (FDCPA), and Texas Fair Debt Collection Practices Act (TFDCPA), (hereinafter, "Complaint"), against, **PRESTIGE DEFAULT SERVICES, LLC** (hereinafter, "PDS"), and **RUSHMORE LOAN MANAGEMENT SERVICES, LLC** (hereinafter, "Rushmore"). In support thereof, Plaintiff would respectfully show the following:

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §

1334.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

## PARTIES

4. Plaintiff in this proceeding is **Andrea Verostko**, who is the Debtor in the underlying Chapter 13 Bankruptcy Case. Plaintiff can be served by and through her attorney of record C. Daniel Herrin at the following address: 4925 Greenville Ave., Suite 455, Dallas, Texas 75206.

5. Defendant in this case is **Prestige Default Services, LLC**, is a foreign corporation formed under the laws of the State of California whose principal office is located at 1920 Old Tustin Ave., Santa Ana, CA 92705 and is authorized to do business in the State of Texas. Defendant may be served by serving its registered agent for process, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

6. Defendant in this case is **Rushmore Loan Management Services, LLC**, is a foreign corporation formed under the laws of the State of Delaware whose principal office is located at 701 Brazos, Ste 1050, Austin, Texas 78701-3232 and is authorized to do business in the State of Texas. Defendant may be served by serving its registered agent for process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## FACTUAL ALLEGATIONS

7. On February 7, 2023, Plaintiff filed for an order for relief under Chapter 13 of the Bankruptcy Code protection pursuant to 11 U.S.C. § 101 et seq. (hereinafter, "Petition Date").

(Exhibit A).

8. Plaintiff listed Defendant Rushmore Loan Management Services as a creditor holding a secured claim, referenced on "Schedule D" as number 2.1, with a claim amount of $308,904.87. A copy of Schedule D is attached hereto and incorporated herein as Exhibit "B".

9. On February 7, 2023, Plaintiff's Counsel called PDS to inform them of Plaintiff's Chapter 13 Bankruptcy filing.

10. While on the call, PDS confirmed Plaintiff had indeed filed a Chapter 13 Bankruptcy by searching her information on PACER. PDS stated they would pull the foreclosure sale.

11. On February 16, 2023, Plaintiff informed her counsel that she had received a Notice of Acceleration and Notice of Substitute Trustee Sale. The letter was from PDS on behalf of Rushmore. The letter was dated February 10, 2023 and stated that the date of the foreclosure sale will be April 4, 2023. (Exhibit C).

## DISCUSSION

### a. 11 U.S.C. § 362(k) and 11 U.S.C. § 105

12. 11 U.S.C. § 362(a)(1) prohibits not only "the commencement" of an action against debtors but also the "continuation" of such action. 11 U.S.C. § 362(a)(1).

13. With certain exceptions not applicable to this case, upon the commencement of a case, an estate is created that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

14. 11 U.S.C. § 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

15. 11 U.S.C. § 362(k)(1) states, in pertinent part, ". . . [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs

___

and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

16. The 5th Circuit has stated the three requirements to establish liability under §362(k)(1). *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005); *Campbell v. Countrywide*, 545 F.3d 348, 355 (5th Cir. 2008); and, *In re Repine,* 536 F.3d 512, 519 (5th Cir. 2008).

   A. The existence of the automatic stay was known by Defendant in that Defendant was made aware of the existence of this bankruptcy. Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay because, once a party is informed of a bankruptcy filing, that party is under an affirmative duty to seek further information, which would reveal the scope and applicability of the automatic stay. *Coats v. Vawter* (In re Coats), 168 B.R. 159, 166 (Bankr. S.D. Tex 1993).

   B. The acts described on the part of Defendant were intentional, meaning what is relevant is not the intent to violate the automatic stay, but rather the intent to commit the act that violated the automatic stay; and,

   C. The acts of Defendant violated 11 U.S.C. § 362(a)(1), (3) and (6) for which no exception exists under 11 U.S.C. §362(b).

17. A party seeking damages for violation of the automatic stay must establish three elements:

   a. that a violation occurred;
   b. that the violation was committed willfully;
   c. that the violation caused actual damages.

*Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529 (E.D. Va. 2014), citing *In re Bright*, 334 B.R. 19, 24 (Bankr. D. Mass. 2005), aff'd, 338 B.R. 530 (B.A.P. 1st Cir. 2006).

18. "[T]he willfulness requirement in § 362(k)(1) does not require the specific intent

---
Complaint to Determine
Violation of the Automatic Stay
P a g e | 4

to violate the automatic stay; rather, it is sufficient to show that the creditor knew that the stay was in effect and then intentionally committed an act or failed to act, which had the effect of violating the stay." Id. at 533, citing *Budget Serv. Co. v. Better Homes*, 804 F.2d 289, 292-93 (4th Cir. 1986).

19. 11 U.S.C. § 105(a) allows the court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

### b. Texas Fair Debt Collection Practices Act (TFDCPA)

20. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann § 392.001(1).

21. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

22. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### c. Federal Debt Collection Practices Act (FDCPA)

23. Plaintiff is a "consumer" as defined by 15 U.S.C § 1692a(3).

24. Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6).

25. The subject consumer debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

### CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE AUTOMATIC STAY

**11 U.S.C. § 362(k) and 11 U.S.C. § 105**

26. On February 7, 2023, an estate was created that included all property owned by Plaintiff. The automatic stay protected Plaintiff from any further collections, and it prohibited any acts to obtain possession or assert control over such property.

27. Defendant received notice of Plaintiff's bankruptcy filing and any action taken by Plaintiff thereafter to collect upon the debt listed in Plaintiff's Schedules, or to assert control over property of the estate, should be treated as a willful violation of the automatic stay.

28. As a result of Defendant's wrongful actions, Plaintiff has suffered damages, potential lost wages as a result of prosecuting this action, emotional distress, and liability for attorney's fees payable to the Herrin Law, PLLC, due to its efforts to obtain Defendant's compliance with the automatic stay and in prosecuting this action.

29. Defendant's actions, taken after receiving notice of Plaintiff's bankruptcy filing, has caused Plaintiff to incur attorney fees and expenses. Additional attorney's fees, which will likely be incurred in the prosecution of the matter, represent continuing damages suffered by Plaintiff as a result of Defendant's actions. Pursuant to 11 U.S.C. § 362(k)(1), Plaintiff are entitled to recover "actual damages, including costs and attorney's fees" as a result of Defendant's willful violation of the automatic stay. No exception exists under §362(k)(2) or otherwise to excuse Defendant's conduct and liability for damages.

30. 11 U.S.C. §362(k) provides that the one who has been injured by a willful violation of the automatic stay provisions of 11 U.S.C. § 362 may recover punitive damages in appropriate circumstances. The circumstances of this case are appropriate for an award of punitive damages. Defendant's refusal to acknowledge the notice of filing, its failure to take reasonable steps to verify the filing, and its continuing actions attempting to foreclose on Plaintiff's property have unreasonably prolonged this matter and justify the imposition of

___

punitive damages.

31. Defendant reasonably had knowledge of Plaintiff's bankruptcy and, after obtaining that knowledge, elected to continue its collection activities. Accordingly, not only were the violations willful, but they were intentional and malicious. The original notice and 11 U.S.C. § 362(k) provided Defendant with fair notice that its conduct would be subject to punishment and potentially severe penalties. For these and other reasons, Defendant needs to be appropriately punished for its actions to the extent that it will not undertake a like course of action in this or other bankruptcy cases. This deterring result can only be achieved by the imposition of punitive damages.

## COUNT TWO
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

32. The TDCPA prohibits collection by means of any "fraudulent, deceptive, or misleading representation," including "false representation or deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19).

33. Defendant sent another Notice of Acceleration and Notice of Substitute Trustee Sale setting a foreclosure sale date of April 4, 2023 even though they had notice of the Plaintiff's Bankruptcy.

## COUNT THREE
## VIOLATION OF THE FEDERAL DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and re-allege every allegation above as if set forth herein in full.

35. The actions of Defendants in this case, in seeking to collect payment on a debt by falsely and deceptively attempting to coerce the debtor are in violation of the Federal Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692(d) and constitute contempt of bankruptcy court orders.

36. Defendants failed to cease its debt collection activity when it became aware that Plaintiff had filed for bankruptcy by sending another Notice of Acceleration and Notice of Substitute Trustee Sale setting a foreclosure sale date of April 4, 2023 after receiving notice of the Chapter 13 Bankruptcy case filing.

37. The conduct of Defendants in this case has substantially frustrated the automatic stay entered by this Court and the protection afforded by the FDCPA and has caused the Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the Bankruptcy Code by the FDCPA, and by TDCA.

38. Defendants' aforesaid actions are willful acts and constitute efforts to collect discharged debt from Plaintiff in violation of the FDCPA 15 U.S.C. § 1692(d). Defendants' failure to comply with the aforesaid laws, in light of repeated notices from the Court and its duties to update its reporting of the account under 15 U.S.C. §1681s-2(a), further illustrates its contempt for Federal Law.

39. The facts and background stated above demonstrated that Defendants willfully violated the orders of the Court as they concern the Plaintiff's bankruptcy and attempted to collect on a debt despite the automatic stay. With this prima facie showing, the duty is on the Defendants to show, as the only possible defense, a present inability to comply with the orders of the Court that goes beyond a mere assertion of inability. Failing a showing of present inability to comply with the orders of the Court by Defendants, Plaintiff must prevail on his claims and Defendants must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court.

40. In order to carry out the provision of the FDCPA and to maintain its integrity, this Court must impose actual damages, statutory damages, and legal fees against Defendants

pursuant to the provisions of 15 U.S.C. § 1692(k).

WHEREFORE, Debtor respectfully pray that this Court:

A. Determine that after being fully informed of the nature of the automatic stay and its existence, Defendant's actions constitute a willful violation of the automatic stay;

B. Award damages, attorney fees and costs, including any and all attorney's fees and costs incurred in the course of collecting payment of damages from Defendant, and punitive damages;

C. Order Defendant to immediately cease and desist any and all actions to collect the debt owed to it by Plaintiff; and

D. Award such other remedies and further relief for Defendant's willful violation of the automatic stay as appears just.

Dated: March 6, 2023

    Respectfully submitted,

HERRIN LAW, PLLC

/s/ C. Daniel Herrin
C. Daniel Herrin
State Bar No. 24065409
4925 Greenville Avenue, Suite 455
Dallas, Texas 75206
(469) 607-8551 Phone
(214) 722-0271 Fax
ATTORNEY FOR PLAINTIFF / DEBTOR